# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| United States, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No: 16 CR 50044 |
| Derrick D. Patterson, | ) | |
| Defendant. | ) | Judge Frederick J. Kapala |

## ORDER

The report and recommendation of the magistrate judge [52] is accepted. Defendant's motion to suppress [45] is denied.

## STATEMENT

    Defendant, Derrick D. Patterson, is charged with possession of two firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with a removed, altered, and obliterated serial number, in violation of 18 U.S.C. § 922(k). Defendant filed a motion to suppress the firearms. The magistrate held an evidentiary hearing on the motion and has entered a report and recommendation ("R&R") that this court deny the motion. Defendant has filed an objection to the R&R. Consequently, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

    The magistrate judge credited Sergeant Weber's testimony that on July 6, 2016, he observed a vehicle, later determined to be driven by defendant, traveling towards Weber in the wrong lane. Weber's radar gun showed that the vehicle was traveling ten miles per hour above the posted speed limit. Weber got behind defendant's vehicle and activated his squad car's emergency lights and siren. Defendant's vehicle did not stop and Weber observed defendant's vehicle again briefly cross the center line. Defendant's vehicle accelerated and pulled away from Weber's pursuing squad car which was traveling at 50 miles per hour in a 30-mile-per-hour zone. After he crashed his vehicle in a drainage ditch, defendant exited his vehicle and fell to the ground. Weber ordered defendant to stay on the ground but defendant attempted to get up multiple times and a handgun fell from his waistband. Defendant ran from Weber but Weber eventually tackled defendant and placed him in handcuffs. A subsequent inventory search of defendant's vehicle revealed a second handgun. A video recording from Weber's squad car began shortly after Weber activated his emergency lights and siren and shows the second time defendant's vehicle left its lane of traffic. The video does not display the speed of defendant's vehicle from the radar gun.

    Defendant argued before the magistrate judge that none of his involuntary actions after the

moment Weber showed authority by activating the squad car's emergency lights and siren could support probable cause to stop defendant's vehicle. Defense counsel conceded that his argument was "cutting against case law" and that he "was trying to break new ground." In rejecting the argument, the magistrate judge found that (1) defense counsel's argument was immaterial because Weber had probable cause at the time he activated his squad car's emergency lights and siren; and (2) even assuming for the sake of argument that Weber did not have probable cause at that point, United States v. Griffin holds that evidence obtained before a suspect yields to a show of authority may be considered in the probable cause determination and is not subject to suppression even if there was no probable cause at the time the officer first showed authority. 652 F.3d 793, 798, 801 (7th Cir. 2011). The magistrate judge noted that Griffin drew no distinction between evidence that is produced voluntarily and involuntarily during this period. The magistrate judge concluded that the court was unwilling to "break new ground" based on the facts and circumstances presented. Accordingly, based on Weber's testimony and the video, the magistrate judge found that Weber had probable cause to believe defendant had committed the traffic violations of speeding and driving in the wrong lane in violation of 625 ILCS 5/11-601 & 11-701, and now recommends denial of defendant's motion to suppress the recovered handguns.[1]

Defendant objects to the magistrate judge's probable cause determination asserting that "defendant believes" that where a police car is equipped with video recording equipment the officer should be required to use it and that his testimony alone should not be sufficient to support a probable cause determination. Defendant cites no authority in support of his belief and it is not the law. See Whren v. United States, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). In this case, the magistrate judge credited Weber's testimony that he observed multiple traffic violations before and during the pursuit which was sufficient to justify the stop. See United States v. McPhaul, 835 F.3d 687, 690 (7th Cir. 2016) (affirming denial of motion to suppress where district court found that a traffic stop was supported by probable cause based on officer's testimony that he observed traffic violations).

Next, defendant objects to the magistrate judge's determination that the purpose of the exclusionary rule would not be served by suppressing evidence in this case. Defendant concedes that there was no misconduct in connection with the video equipment in this case but argues that "manipulation of video equipment in the future, which is solely at the discretion of the police officer[,] could lead to flagrant misconduct." This objection is wide of the mark. There must be a constitutional violation before evidence is even subject to suppression under the exclusionary rule. In this case, there was no such violation.

Finally, defendant objects to the magistrate judge's determination that, even if Weber did not

---

[1] Although the terms are often used interchangeably, a police officer only needs reasonable suspicion to make a traffic stop, not probable cause. Navarette v. California, 572 U.S. ___,134 S. Ct. 1683, 1687 (2014) ("The Fourth Amendment permits brief investigative stops–such as the traffic stop in this case–when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity."); see also Griffin, 652 F.3d 793, 798 (7th Cir. 2011) (An officer cannot make an "investigatory stop of a vehicle," unless "articulable facts support a reasonable suspicion that criminal activity is afoot."). However, to the extent that a more exacting standard was applied, defendant was not thereby prejudiced.

have probable cause when he first showed authority, under Griffin the violations of the law observed thereafter support probable cause for the stop. As noted by the magistrate judge, this argument is immaterial in light of the finding that Weber had reasonable suspicion to effectuate a traffic stop at the time he activated the lights and siren. Defendant cites no authority in support of this position. Instead, he argues that once a citizen motorist sees and hears the lights and siren he has to either "cede his Fourth Amendment rights" or "automatically break the law by not stopping immediately." This argument is contrary to the rule of law by which everyone in our ordered society is governed. See Cooper v. Aaron, 358 U.S. 1, 23 (1958) (recognizing that ours is "a government of laws and not of men"). Such a society cannot permit motorists to decide whether to pull over based on their own determinations of whether the officer has a lawful justification to effectuate a traffic stop. See United States v. Moylan, 417 F.2d 1002, 1009 (4th Cir. 1969) ("To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos."). A motorist does not cede his Fourth Amendment rights by pulling over when an officer lacks a lawful basis to effectuate a traffic stop. A citizen must obey even an unlawful order by a police officer and then seek a remedy through the judicial process for any violation of his Constitutional rights; he may not disregard the officer's authority and flee. See Brooks v. City of Aurora, 653 F.3d 478, 484 (7th Cir. 2011) (holding that resisting even an unlawful arrest is illegal).

  For these reasons, defendant's objections to the magistrate judge's R&R are overruled, the R&R is accepted, and defendant's motion to suppress is denied.

Date: 5/16/2018

ENTER:

_____
FREDERICK J. KAPALA

District Judge